# Weiner and Kurtzberg *v.* Osnofsky, Appellant.

*Contracts—Oral contracts—Evidence—Variance—Amendment of statement—Parties.*

In an action of assumpsit for work and labor done and material furnished pursuant to an alleged oral contract, the testimony of one plaintiff that he was in partnership with the other plaintiff at the time the contract was made, was sufficient to establish a joint right of action.

A motion for judgment non obstante veredicto on the ground that the action was by a partnership and there was no evidence of any partnership relation existing between the plaintiffs, was properly refused.

The amendment of the statement of claim at trial to make the date of the contract, as alleged therein, conform to the evidence did not amount to a change in the cause of action. There was, therefore, no abuse of discretion in dismissing a motion for a new trial.

Argued October 19, 1927. Appeal No. 237, October T., 1927, by defendant from judgment of M. C. Phila-

delphia County, May T., 1925, No. 640, in the case of Max Weiner and Harry Kurtzberg v. Jacob Osnofsky. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for labor done and material furnished. Before GLASS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiffs in the sum of $181.83 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings in evidence, refusal of defendant's motion for judgment non obstante veredicto, and in permitting the plaintiff to amend the statement of claim.

*William T. Connor,* and with him *John R. K. Scott,* for appellant.

*Joseph A. Keough,* and with him *Levi & Mandel,* for appellee.

OPINION BY GAWTHROP, J., December 15, 1927:

This is an action in assumpsit for work and labor done and materials furnished by plaintiffs to defendant on premises No. 2017 Columbia Avenue, Philadelphia, pursuant to an oral contract. The affidavit of defense denied that the parties entered into any contract whatever and averred that any work done by plaintiffs upon said premises was done under a contract which they entered into with one David Channin, and that any obligation to pay for any work done upon said premises arises under said contract. At the trial one of plaintiffs testified that in July, 1924, he saw defendant on said premises and that the latter took him to the cellar and told him to go ahead and fix whatever was necessary and pointed out what was

to be done, and that, pursuant to this instruction, the work and labor was done for, and the materials furnished. to, defendant.  The statement of claim averred that the contract was made in November, 1924, but the evidence showed that it was made at an earlier date.  Counsel for plaintiffs made a motion to amend his statement to conform to the evidence.  The motion was allowed and an exception was noted for defendant, although the latter did not plead surprise.  When the testimony of this witness was concluded and plaintiff rested, a motion for a non-suit was made on the ground that the action was by a partnership, and there was no evidence of any partnership relation existing between plaintiffs. When the motion was refused, defendant offered no testimony, but submitted a point for binding instructions, which was refused.  From the judgment on a verdict for plaintiffs, we have this appeal, upon which the questions raised are whether error was committed in (1) refusing to enter judgment for defendant, and (2) in allowing plaintiffs to amend the statement of claim at trial.

The contention that a verdict should have been directed for defendant is grounded upon the proposition that there was a variance between the statement of claim and plaintiffs' proofs, in that the statement averred a right of action on the part of two plaintiffs, while the evidence showed a contract entered into between but one of plaintiffs and defendant.  As this question was raised on the motion for a non-suit, defendant can take advantage of it by a point for binding instructions.  But we are clear that the contention has no merit.  The plaintiff, Weiner, testified that he was in business with the other plaintiff in the summer of 1924.  This was sufficient, if believed, to establish a joint right of action in plaintiffs.  Manifestly, there was no variance between the allegations and the

proofs. As there was a joint action, a joint recovery was proper.

Nor is there any more merit in the complaint of the allowance of the amendment of plaintiffs' statement at the trial. It did not amount to a change of the cause of action. Although counsel for defendant urge that the allowance thereof worked a great hardship to their client and prevented the making of a proper defense, they have failed entirely to establish that contention. Clearly, there was no abuse of discretion in dismissing the motion for a new trial, and the refusal of judgment n. o. v. was right.

The judgment is affirmed.